UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD EDMUND NICHOLS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN, et al.,<br><br>　　　　　Respondents. | No. 2:15-cv-0522 JAM CKD P (TEMP)<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Because he has paid the necessary filing fee, his motion to proceed in forma pauperis is moot.

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis on which habeas relief may be granted. 28 U.S.C. § 1915A(b)(1),(2). This means the court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Rule 4 Governing Section 2254 Cases.

Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these

1

rules, may be applied to a proceeding under these rules." Drawing on the Federal Rules of Civil Procedure, when considering whether a petition presents a claim upon which habeas relief can be granted, the court must accept the allegations of the petition as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the petition in the light most favorable to the petitioner. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Pro se pleadings are held to a less stringent standard than those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.'" Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)). See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.")

In addition to the original petition, petitioner has submitted first and second amended petitions. An amended petition supersedes any earlier filed pleading; that is, once an amended petition is filed, the original no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (stating the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)). Therefore, in performing its screening analysis, the court does not address the allegations of the original petition.

The operative petition at this stage in this case, however, is not the second amended petition but the first. Federal Rule of Civil Procedure 15(a)(1) gives a plaintiff or petitioner the right to amend his pleading "once as a matter of course" before a defendant or respondent is served or within twenty-one days of a responsive pleading. After that, a petitioner must obtain the court's permission or the opposing party's consent before he may file a second amended pleading. See Fed. R. Civ. P. 15(a)(2). Because petitioner did not seek the court's leave to file a second amended petition, the court declines to treat it as the operative pleading for screening purposes.

////

2

The first amended petition provides scant detail, but it appears that the petitioner seeks habeas relief because he had inadequate access to a law library as a pro se criminal defendant in the underlying case in Plumas County Superior Court. (See First Amended Petition (ECF No. 8) at 5.) The U.S. Supreme Court has long held that criminal defendants have the constitutional right to proceed without counsel, see Faretta v. California, 422 U.S. 806, 807 (1975), but it has more recently stated that the denial of access to a law library cannot be the basis of habeas relief under 28 U.S.C. § 2254 because no Supreme Court case clearly establishes such access as a necessary part of a person's right to defend himself pro se against criminal charges. See Kane v. Garcia Espitia, 546 U.S. 9, 10 (2005) (per curiam); see also James v. Cate, No. 13-cv-1021-JD, 2014 WL 2600730 at *7 (N.D. Cal. June 10, 2014). In light of that Supreme Court ruling, and insofar as the first amended petition alleges inadequate library access as the only ground for habeas relief, it fails the screening test described above.[1]

Although petitioner has demanded only habeas relief and has alleged inadequate access to the library only when he was a criminal defendant, it could be that he means to challenge ongoing deficiencies in library access at the Plumas County Jail – a challenge that, in some circumstances, is cognizable under the Civil Rights Act, 42 U.S.C. § 1983. While there is no freestanding constitutional right to law library access for prisoners, such access serves as one means of ensuring the constitutional right of access to the courts.[2] See Lewis v. Casey, 518 U.S. 343, 350-

---

[1] The second amended petition is even less descriptive regarding the denial of library access. It adds a second claim with a single sentence: "I was held for well over 72 hours before seeing a judge." There is no plausible basis for federal habeas relief in that sentence, nor does the court see any reason to extend an opportunity for petitioner to expand on it in a third amended petition, since doing so would be futile on the merits. See Fordjour v. Jordan, No. 1:09-cv-0060-OWW-SKO-HC, 2010 WL 3491509 at *2 (E.D.Cal. Sept. 3, 2010) (Stating "it is … established that a claim concerning the constitutionality of pretrial detention procedures is moot after conviction of the offense") (citing Barker v. Estelle, 913 F.2d 1433, 1440 (9th Cir.1990).

[2] A prisoner claiming that his right of access to the courts has been violated must show that: 1) access was so limited as to be unreasonable, and 2) the inadequate access caused actual injury. Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). A prisoner cannot make conclusory declarations of injury, but instead must demonstrate that a non-frivolous legal claim has been frustrated or impeded. To prevail, however, it is not enough for an inmate to show some sort of denial. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." Lewis, 518 U.S. at 348.

51 (1996). "[T]he Constitution does not guarantee a prisoner unlimited access to a law library. Prison officials of necessity must regulate the time, manner, and place in which library facilities are used." Linquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir. 1985).

Federal courts have the discretion to construe a habeas petition as a civil rights complaint. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971); Gaytan v. Hodges, No. 1:13-cv-0293-LJO-SKO-HC, 2013 WL 1003664 at *2 (E.D. Cal. March 13, 2013). However, the court declines to do so in this case. First, if this petition were construed as a complaint under the Civil Rights Act, petitioner would be obligated to pay the filing fee of $350.00 for a non-habeas civil action – a significant increase from the $5.00 petitioner paid to file this habeas action. See Gaytan. Second, the screening standards that the court must apply to a civil rights complaint under 28 U.S.C. § 1915A are not exactly the same as those it applies to habeas actions. Therefore, assuming petitioner even means to challenge past or ongoing conditions regarding library access under the Civil Rights Act, he should be given the opportunity to state his claims with the basic elements of the Civil Rights Act in mind, in a fresh, newly filed action. This habeas action, meanwhile, should be dismissed without further leave to amend, since allowing any further allegations of inadequate library access as a basis of habeas relief would be futile. See Hendrix v. Gipson, No. 2:11-cv-3399 GEB CKD P, 2012 WL 3775970 at *2 (declining habeas petitioner's motion to amend because of futility on the merits of the proposed amendment).

Finally, petitioner has requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel.

Accordingly, IT IS ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 9) is denied as moot.
2. Petitioner's motion for appointment of counsel (ECF No. 13) is denied.

////

4

IT IS RECOMMENDED that the first amended petition be dismissed and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 8, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

hm
nich0522.screen